IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFREY JEROME WALKER,

    Plaintiff,

v.                                                  CASE NO. 4:08-cv-00360-MP-AK

ARAMARK CORPORATION, et al,

    Defendants.

_____/

## **ORDER OF DISMISSAL**

This matter has been stayed since April 3, 2009, pending the appeal in Walker v. Powell, Case No. 5:05cv75-MD, which the Court found was sufficiently similar to the present case to warrant waiting on the decision from the Eleventh Circuit before deciding the disposition of the present case. (See Docs. 18 and 23). The appeal has been decided and the judgment entered dismissing Case No. 5:05cv75 on grounds that Plaintiff's failures to make payments from his inmate account for court costs in that lawsuit were his own fault and justified dismissal for failure to comply with orders from the court. See Doc. 258 in Case No. 5:05cv75-MD. The Court is of the opinion that the findings of the Eleventh Circuit in that case, with the history of the present case, establishes a pattern of manipulation and misrepresentation such as to warrant dismissal of this lawsuit as well.

Plaintiff brings this cause of action against Aramark Corporation, a dietician, and the food services director for the Florida Department of Corrections, alleging that they have conspired to serve inadequate meals to him resulting in a 40-pound weight loss and a variety of health problems. (Doc. 12). These claims arise at the same time (May 7, 2003) and allege the

same injuries as those set forth in Case No. 5:05cv75-MD.

In Case No. 5:05cv75, the complaint was served, two dispositive motions were filed, extensive court involvement was required, and shortly before the trial was scheduled for August 18, 2008, Plaintiff moved to dismiss the case because of settlement. (Doc. 187, 188). Interestingly, the original complaint in the present case was filed on August 13, 2008, the same date that Plaintiff filed a motion in Case No. 5:05cv75, indicating that settlement had fallen apart. (See Doc. 190). In the complaint filed in the present case, Plaintiff mentioned the other case, but indicated that it had settled. (Doc. 1, p. 3).

On October 16, 2008, the Court was alerted by the Defendant in Case No. 5:05cv75 that another case based on the same facts and claims had been filed by Plaintiff, which is the present case, No. 4:08cv360, (see doc. 216), and upon reviewing the new case cited by the Defendant, the Court discovered that inmate account statements used to support the motion for IFP in Case No. 4:08cv360 showed significant deposits to his inmate account, even though Plaintiff had paid nothing towards the filing fee in Case No. 5:05CV75. (Doc. 219). When Plaintiff failed to adequately explain his failure to pay court costs, the case was dismissed. (Doc. 231).

It is this dismissal that was appealed and upon which the Court has been awaiting a decision before resolving the present case. The ground for appeal was Plaintiff's argument that the failure to remit court costs from his inmate account was not his fault, that the failure was the DOC's fault and constituted circumstances beyond his control, thereby making it an abuse of discretion for the Court to dismiss his lawsuit. The Eleventh Circuit did not accept Plaintiff's argument, in part because he submitted inmate financial information in the present case to support his motion for leave to proceed IFP, which the Eleventh Circuit found to be proof that information and documentation about his finances were entirely within his control and fully

known to him.  (See Doc. 258, p. 8).

This finding, that Plaintiff's precise financial circumstances were known to him, supports dismissal in this case for failure to be truthful when he sought to avoid payment of his fee assessment in the present case on grounds that the DOC had "garnished" his money.  (See Docs. 9 and 11).  Indeed, Plaintiff resisted providing information about his inmate account from the beginning of this lawsuit.  When he filed a motion for IFP, he wrote on the financial affidavit attached that Graceville Correctional Facility had no monthly printouts.  (Doc. 2).  He was ordered to provide this information as required by law (doc. 5), and after seeking additional time, he submitted an amended motion for IFP with a Resident Account Statement from Graceville which showed 14 deposits during the relevant time period totaling $258.30.  (Doc. 8).  The second page of the Prisoner Consent Form and Financial Certificate where the prison official is supposed to sign and certify the attached deposit information was never provided, but an initial partial filing fee was assessed based on the account information submitted requiring payment of $8.05 on or before November 3, 2008.  (Doc. 9).  Plaintiff moved to waive this assessment on the grounds that he really had a zero balance because DOC was garnishing his account, and indeed the statement showed numerous deductions, as the Eleventh Circuit noted in No. 5:05cv75, listed as "Order," "Sched Payment," and "Rec Payment."  Plaintiff never explained to the Court's satisfaction in No. 5:05cv75 what these expenditures were for, and his explanation provided in the present case (doc. 22) is equally uninformative.

The Court also finds Plaintiff's arguments distinguishing this case from No. 5:05cv75 to be unpersuasive.  (See Docs. 14 and 17). His allegations here are that meat substitutes and water were used to increase food volume while reducing the caloric and nutritional value of the food in an effort to save money.  These are the precise claims he makes against Defendant Powell in No.

5:05cv75, whom he accuses of "stretching meals" to save money during the same time period. What it appears from the history of both these cases is that Plaintiff brought the second cause of action when he realized the first one had been dismissed, and he did not wish to pay for either lawsuit from his inmate account.

Although prisoners have a constitutional right of access to the courts, *see* <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977), "this right is not absolute or unconditional." <u>Procup v. Strickland</u>, 760 F.2d 1107, 1111 (11th Cir. 1985), *on rehearing*, 792 F.2d 1069 (11th Cir. 1986) (holding that the district court has authority to impose serious restrictions on pro se litigants). A litigant may not use the judicial system to harass or wage a vendetta against another party. *See* <u>Bonfiglio v. Nugen</u>, 986 F.2d 1391, 1394 (11th Cir. 1993). Nor may a prisoner utilize the court system while ignoring court orders. <u>Moon v. Newsome</u>, 863 F.2d 835 (11th Cir. 1989).

Thus, a court has an inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44-45. These inherent powers are necessary for "courts to manage their own affairs" and "achieve the orderly and expeditious disposition of cases." <u>Id.</u>, at 43. Although this power should be exercised with "restraint and discretion," <u>id.</u>, at 44, dismissal as well as other sanctions may be warranted. *See* <u>Jones v. Warden of Stateville Correctional Center</u>, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) (failure to be truthful on complaint forms about prior related complaints warrants sanctions).

Plaintiff has been given fair notice that his conduct may warrant sanctions, including dismissal, as required by <u>In re Mroz</u>, 65 F.3d 1567, 1575 (11th Cir. 1995). (<u>See</u> Doc. 18).

Accordingly, it is

**ORDERED AND ADJUDGED:**

That this matter be DISMISSED, as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i)

and that the Clerk note on the docket that this constitutes a "strike" within the meaning of 28 U.S.C. §1915(g).

      **DONE AND ORDERED** this <u>*28th*</u> day of April, 2010

                        <u>*s/Maurice M. Paul*</u>
                        Maurice M. Paul, Senior District Judge